IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 04-cv-02450-CBS-MJW

RENE ARTURO TAVERA,

    Plaintiff,

v.

JOHN H. POTTER, Postmaster, United States Postal Service,

    Defendant.

_____

**ORDER GRANTING UNOPPOSED MOTION FOR RECONSIDERATION
ON ORDER RE: SUMMARY JUDGMENT**
_____

**Magistrate Judge Craig B. Shaffer**

This matter comes before the court on Plaintiff's "Unopposed Motion for Reconsideration on Order Re: Summary Judgment" [#49], filed May 9, 2006. The court has reviewed the Motion, Defendant's Motion for Summary Judgment [#31], filed January 18, 2006, Plaintiff's Response [#36], filed February 17, 2006, Defendant's Reply [#43], this court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment [#48], filed May 3, 2006, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

Plaintiff disputes the court's prior conclusion that Plaintiff could not establish a *prima facie* case of national origin discrimination with respect to the STO position awarded to Krynovich. To establish a *prima facie* case, Plaintiff must show by legally sufficient evidence that (1) he is a member of a protected class (Hispanic); (2) that he

applied for the STO position and was qualified for it; (3) that despite his qualifications he was rejected for the position; (4) and that the persons who were given the promotion to STO positions were not members of Plaintiff's protected class. **See Branson v. Price River Coal Co.,** 853 F.2d 768, 770 (10th Cir.1988).

Contrary to the court's prior conclusion, it is undisputed that Plaintiff did in fact apply for the STO position awarded to Krynovich. **(Mtn. Sum. Jug., ¶ ¶ 17-22; Resp., ¶ ¶ 17-18).** Further, Krynovich, whom Defendant ultimately selected for the STO vacancy, was Caucasian and, according to Plaintiff, less qualified. Plaintiff claims– and Defendant does not dispute– that he was qualified for the position. Plaintiff has sufficiently established a prima facie case of discrimination based on national origin with respect to the STO position awarded to Krynovich.

Pursuant to the ***McDonnell Douglas*** burden-shifting analysis, Defendant must come forward with a legitimate, non-discriminatory reason for Lopez's decision to hire Krynovich over Plaintiff.  **See *McDonnell Douglas v. Green,*** 411 U.S. 792 (1973). Lopez claims that she selected Krynovich because Plaintiff had a poor interview and did not answer technical questions well. Defendant has sufficiently provided a legitimate, non-discriminatory reason for choosing Krynovich over Plaintiff, meeting its burden under ***McDonnell Douglas***.

Therefore, the burden shifts to Plaintiff to present evidence that Defendant's reasons are pretextual. ***Danville v. Reg'l Lab Corp.,*** 292 F.3d 1246, 1250 (10th Cir.2002).  "Pretext can be shown by such weaknesses, implausibilities,

2

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." ***Id.*** (quotation omitted).  Various items of evidence which may be relevant to such a showing of pretext, including: (1) the employer's prior treatment of the plaintiff, (2) the employer's general policy and practice with respect to minority employment, particularly statistics reflecting a general pattern and practice of discrimination, (3) disturbing procedural irregularities, and (4) the use of subjective criteria, especially when used to evaluate candidates that are not objectively equally qualified.  ***Colon-Sanchez,*** 733 F.2d at 81. Ordinarily this test can be "satisfied by proof that the employer treated similarly situated employees more favorably." ***Hysten,*** 296 F.3d at 1181.

Plaintiff claims that Lopez refused to allow Plaintiff to change into his interview clothes prior to the interview.  He further claims that Lopez focused on topics unrelated to driving, such as operating plans and goals for processing of distribution.  Lopez did not ask Krynovich about his higher level details, prior job evaluations, or driving background.  Plaintiff claims that he would have been better qualified for the STO position if he had been able to remain a 204-B supervisor as Krynovich had.  Based on Defendant's prior treatment of Plaintiff with respect to the 204-B position and the subjective criteria used to select Krynovich over Plaintiff, Plaintiff has sufficiently established pretext and summary judgment should be denied as to Plaintiff's national origin, disparate treatment claim based Defendant's failure to promote him to a STO

3

position.  Therefore,

**IT IS ORDERED as follows:**

1. That Plaintiff's Unopposed Motion for Reconsideration on Order Re: Summary Judgment [#49], filed May 9, 2006, **IS GRANTED;** and

2. That the court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment [#48], filed May 3, 2006 **IS REVISED** as follows:

    a. (¶ 1)  That Defendant's Motion for Summary Judgment [#31], filed January 18, 2006, **IS GRANTED in part** as to Plaintiff's first claim for relief (national origin discrimination) with respect to STO positions awarded to Silva and Carter and various training opportunities; Plaintiff's second claim for relief (reverse gender discrimination); and Plaintiff's third claim for relief (retaliation claims (1) & (2)); and

    b. ( ¶ 3)  That Defendant's Motion for Summary Judgment [#31], filed January 18, 2006, **IS DENIED in part** as to Plaintiff's first claim (national origin discrimination) based on Plaintiff's removal from his 204-B supervisory position and Defendant's failure to promote Plaintiff to STO positions ultimately awarded to Cottrell, Dunlap, and Krynovich.

**DATED** at Denver, Colorado, this 16th day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge